IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **SRINIVASA RAO GOGINENI,**<br><br>　　　　　　　**Plaintiff,**<br><br>　vs.<br><br>**LOREN K. MILLER, UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services; ALEJANDRO MAYORKAS, Secretary of Homeland Security, in his official capacity; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,**<br><br>　　　　　　　**Defendants.** | **4:23CV3220**<br><br>**ORDER** |

　　　This matter comes before the Court on Plaintiff's Unopposed Motion to Transfer Venue (Filing No. 8).

　　　On November 17, 2023, Plaintiff commenced this action to compel Defendant, Director of the Nebraska Service Center of the United States Citizenship and Immigration Services (USCIS), to adjudicate the I-130 Petition for Alien Relative he filed on behalf of his spouse. (Filing No. 1). Upon information and belief, Plaintiff's petition was being processed by the Nebraska Service Center of USCIS based on the I-797 Receipt Notice issued by USCIS for the I-130 petition filed by Plaintiff. (Filing No. 1-4). Subsequently, Plaintiff received a copy of the most recent I-797 Receipt Notice issued by USCIS for the I-130 petition filed by Plaintiff, which showed that Plaintiff's petition has now been transferred to the California Service Center of USCIS. Plaintiff seeks to transfer this action to the Southern District of Texas, where Plaintiff resides. Defendants' counsel stated that in principle, Defendants have no objection to the transfer. (Filing No. 6).

　　　In cases against a federal officer, venue is governed by 28 U.S.C. § 1391(e)(1), which provides venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in the action." Plaintiff asserts venue is not proper in the district of Nebraska because his petition is not pending at the Nebraska service center and he does not live in Nebraska.

Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Eighth Circuit has not provided an "exhaustive list of specific factors to consider" when determining whether to transfer a case under § 1404(a), but district courts should weigh any "case-specific factors" relevant to convenience and fairness to determine whether transfer is warranted. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997)).

After review, for the convenience of the parties and witnesses, and in the interest of justice, the Court will exercise its discretion under § 1404(a) and transfer this case to the judicial district where Plaintiff resides. Although Nebraska may have been a proper venue when this action was commenced, the circumstances have changed because Plaintiff's petition is no longer pending at the USCIS service center in Nebraska. Plaintiff resides in the Southern District of Texas, not Nebraska, and thus venue in this district is no longer appropriate. Defendant does not oppose Plaintiff's request to transfer this action to the judicial district where Plaintiff resides, which is an appropriate venue. See 28 U.S.C. § 1391(e)(1). Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Unopposed Motion to Transfer Venue (Filing No. 8) is granted;
2. The case shall be transferred to the United States District Court, Southern District of Texas;
3. If no party files an objection to this Order on or before **February 20, 2024**, the Clerk of the Court shall take every action needed to accomplish the transfer and to terminate this case for statistical purposes. Failure to timely object may constitute a waiver of any objection to this Order. See NECivR 72.2

Dated this 5th day of February, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge